UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SAMUEL PLAIN, JR.; et al.                                              PLAINTIFFS

vs.                                                     Civil No. 3:25-cv-0368-GHD-RP

JUSTICE NETWORK, INC.; et al.                                          DEFENDANTS

---

## OPINION

Presently before the Court in this *pro se* action is the Defendant Justice Network, Inc.'s motion to dismiss [6]. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiffs' claims against this Defendant dismissed.

## Background

On November 18, 2025, the Defendant Justice Network of Mississippi, Inc. (improperly designated as "Justice Network, Inc." in the Plaintiffs' Complaint) ("Justice Network") conducted a urinary drug screen on the Plaintiff Samuel Plain at the request of the Defendant Mississippi Department of Child Protective Services [Plaintiffs' Complaint, Doc. No. 1, at pp. 4-6]. The drug screen showed a positive result for cocaine and fentanyl. *Id*. Mr. Plain alleges his minor children were then wrongfully removed from his home based upon the positive drug screen results. *Id*. The Plaintiffs assert claims, presumably under 42 U.S.C. §1983 and state law, for the wrongful removal of the children from Mr. Plain's home and, regarding the present Defendant, allege the sole basis for the removal of the children was the positive drug screen performed by Justice Network [1]. In addition to Justice Network, the Plaintiffs name the Mississippi Department of Child Protective Services and three individuals, presumably state employees, as Defendants [1].

The Defendant Justice Network now moves to dismiss the Plaintiffs' claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [6]. The Plaintiffs oppose the Defendant's motion.

**Standard of Review**

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to

'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570).

### Discussion and Analysis

In the Complaint, the Plaintiffs allege Justice Network "failed to produce the urine specimen," "failed to produce chain-of-custody logs," and "used obsolete SAMHSA cut-off values" with respect to the subject urine sample [1, at p. 5]. For the reasons stated below, the Plaintiffs' claims against Justice Network fail to state a plausible claim for relief and shall therefore be dismissed.

The Court finds the Plaintiffs have simply failed to adequately plead sufficient facts to state a claim for relief against Justice Network. The Plaintiffs' Complaint relies upon vague, generalized assertions and unsupported legal conclusions, which is insufficient to state a plausible claim for relief. *Ashcroft*, 556 U.S. at 678 (2009). For instance, the Plaintiffs do not plead or identify any legal duty owed by Justice Network to the Plaintiffs; this failure prevents the Plaintiffs from adequately stating a claim for negligence. See, e.g., *Smith v. City of McComb, Mississippi*, No. 5:15-cv-55-DCB-MTP, 2017 WL 3687334, at *7 (S.D. Miss. Aug. 25, 2017) (holding "negligence is the result of the failure to perform a duty; therefore, actionable negligence cannot exist in the absence of a legal duty to an injured plaintiff"); *Stanley v. Morgan & Lindsey, Inc.*, 203 So. 2d 473, 476 (Miss. 1967). The Plaintiffs further fail to allege that Justice Network violated any federal or state laws. Their sole contention against Justice Network, as noted above, seems to be that Justice Network conducted the drug screen the Plaintiffs allege led to Mr. Plain's children's removal from his home. This is plainly insufficient to plausibly state a claim for relief. In the end, the Plaintiffs seemingly attempt to hold Justice Network vicariously liable for the

alleged actions of the Mississippi Department of Child Protective Services. The Plaintiffs fail, however, to allege facts that could lead the Court to find that any legal basis exists for a potential finding of vicarious liability on the part of Justice Network. *Fruchter v. Lynch Oil Co.*, 522 So. 2d 195, 199 (Miss. 1988) (Mississippi law requires specific factual allegations establishing agency or control to impose vicarious liability); *Doe v. Salvation Army*, 835 F.3d 425, 432 (5th Cir. 2016). Accordingly, the Court finds the Plaintiffs' Complaint fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face against Justice Network. The Defendant Justice Network's motion to dismiss under Rule 12(b)(6) shall therefore be granted.

In sum, the Plaintiffs' claims against the moving Defendant Justice Network do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The Court, therefore, shall dismiss the Plaintiffs' claims against Justice Network. *Ashcroft*, 556 U.S. at 678 (2009).

## Conclusion

For these reasons, the Court finds the Defendant Justice Network's motion to dismiss shall be granted and the Plaintiffs' claims against it dismissed. This ruling does not impact the Plaintiffs' remaining claims against the remaining Defendants.

An order in accordance with this opinion shall issue this day.

THIS, the 13th day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE

4