IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SAMUEL PLAIN, JR.; et al.                                          PLAINTIFFS

v.                                          CIVIL ACTION NO. 3:25-cv-00368-GHD-RP

JUSTICE NETWORK, INC.; et al.                                      DEFENDANTS

<u>ORDER REGARDING SERVICE OF PROCESS</u>

The Plaintiff, proceeding *pro se*, filed his complaint in this matter on December 29, 2025 [1]. In the Complaint, the Plaintiff asserts claims against five Defendants, one of whom (Justice Network) has been dismissed [16, 17]. As for the remaining four Defendants ("Mississippi Department of Children Service" and three individuals), the Plaintiff has filed purported proofs of service of process, which state the Plaintiff has mailed a copy of the summons and complaint via certified mail to each of those four Defendants [13, 15].

The burden of proof is on the Plaintiff to show that service is valid. *Sys. Signs Supplies v. U.S. Dep't Justice*, 903 F. 2d 1011, 1013 (5th Cir. 1990). The Plaintiff has not met that burden because his proofs of service establish that he did not properly serve the Defendants.

Rule 4 of the Federal Rules of Civil Procedure itself does not permit service by mail. Fed. R. Civ. P. 4. The rule does provide, however, that service may be made in accordance with law of the state where this court is located, Mississippi. Fed. R. Civ. P. 4(e)(1) & h(1). Therefore, if the Plaintiff properly served the Defendants according to Mississippi's service of process rules, service was proper here.

The Plaintiff's attempted service of process, however, was likewise ineffective under Mississippi law. Mississippi rules provide that service of process by certified mail is not available to serve process upon persons or corporations within the state of Mississippi. Miss. R. Civ. P.

4(c)(5). The Plaintiff's attempt at service of process was therefore improper under Mississippi law.

Because the Plaintiff did not make proper service under federal or Mississippi law, and the time for effective service has expired, the Plaintiff's remaining claims face dismissal. The Court shall, at the present juncture, however, permit the Plaintiff until September 1, 2026, to effect proper service. If proper service of process is not accomplished by that date, the Court shall dismiss this matter without prejudice. When service has not been made within the time required a court "may, in its discretion, decide whether to dismiss the case without prejudice or extend time for service." *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996). Given the *pro se* Plaintiff's seemingly good faith effort to effect proper service upon the remaining Defendants, the Court finds it proper to extend the time for him to properly serve the remaining Defendants until September 1, 2026.

THEREFORE, the Court HEREBY finds that service of process in this matter is insufficient, but GRANTS the Plaintiff time to make effective service of process on the remaining Defendants by September 1, 2026, and file a proof of that service with the Court, or face dismissal of his claims without prejudice.

SO ORDERED, this, the ____ day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE